IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES E. DAMRON, *et al.*,  :

        Plaintiffs,  :  Civil Action 2:09-cv-50

  v.  :  Judge Marbley

GARY SIMS,  :  Magistrate Judge Abel

        Defendant  :

**REPORT AND RECOMMENDATION**

I. **Introduction**

This matter is before the Magistrate Judge on Defendant's Motion for Judgment on the Pleadings against Plaintiffs Green, Pelfrey, Hamilton, Jameson, Hogan and Mollett for Failure to Exhaust Administrative Remedies (Doc. 60). This case was filed on January 20, 2009 by Plaintiffs James E. Damron, Billy J. McClurg, Roger Green, Steve Hamilton, Jason Ellis, and Brian Vidrine. (Doc. 1.) On April 30, 2009, the Court granted Ray Enfinger, Caleb Schriber, and David Kessler leave to join this action as plaintiffs. (Doc. 18.) On June 4, 2009, Defendant moved to proceed separately against the various plaintiffs (Doc. 21). This was denied on August 3, 2009; in the same order, the Court granted Lawrence Jameson, Matthew Grimes, and Laurence K. Hogan leave to join as plaintiffs. (Doc. 39.) On October 8, 2009, the Court granted Ricky J. Mollett, Joe Pelfrey, and Alonzo Brown leave to join as plaintiffs. (Doc. 45.) The sole defendant is Gary Sims, the Religious

1

Services Administrator of the Ohio Department of Rehabilitation and Correction (ODRC).

Defendant has now moved for judgment on the pleadings against six of these plaintiffs (the "six plaintiffs"). He states specifically:

> Defendant through counsel moves the Court for judgment on the pleadings against Plaintiffs Green, Pelfrey, Hamilton, Jameson, Hogan and Mollett under Fed. R. Civ. P. 12(c). These Plaintiffs have failed to state a claim in that they have failed to exhaust their administrative remedies in this case prior to suit being filed, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). The reasons are stated with more particularity in the attached Memorandum.

(Doc. 60 at 1.) Defendant, although he claimed that the six plaintiffs have failed to exhaust their administrative remedies, attached as an exhibit to his motion only a copy of the ODRC's policy on religious accommodations (Doc. 60-1). The sole response to this motion came from Plaintiff James E. Damron, who was not one of the plaintiffs against whom relief was sought, and who attached to his memorandum only documents relating to his own administrative remedies (Doc. 72-1). Defendant filed a reply in support of his motion, to which he attached an declaration (Doc. 77-1), stating, *inter alia*, that the six plaintiffs had never appealed to him the denial of any religious accommodation.

## II.  Procedural posture

The motion at bar cannot be treated as one for judgment on the pleadings, because it presents (Doc. 60-1, Doc. 77-1) "matters outside the pleadings". Fed. R. Civ. Pro. 12(d). It will accordingly be treated as one for summary judgment under

2

Rule 56. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (concluding that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations . .

. but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 324. Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Matsushita*, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

### III. Exhaustion requirement

Defendant initially moved for judgment on the pleadings on grounds that the six plaintiffs had failed to demonstrate that they had exhausted administrative remedies prior to suit:

> While the exhaustion requirement is not jurisdictional, it is nevertheless mandatory. *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). All inmates are required to exhaust all available administrative remedies prior to suit being filed [sic] federal court, and the prisoner bears the burden of establishing that all administrative avenues for redressing the grievance have been pursued. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Furthermore, when suits involve multiple inmate Plaintiffs, each individual inmate must have fully exhausted his administrative remedies prior to suit being filed. *See, e.g., Worthen v. Oklahoma Department of Corrections*, 2007 U.S. Dist. LEXIS 97149 (W.D. Okla. 2007) (unpublished).

(Doc. 60 at 5.) Defendant urges the Court to treat his motion similarly to a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), to test "whether, as a matter of law, the plaintiff is entitled to legal relief even if all the facts and allegations in the complaint are taken as true." *(Id.* at 3.) He argues that "Plaintiffs have failed to

4

state a claim in that they have failed to exhaust their administrative remedies". (*Id.* at 1.)

Defendant is correct that inmate plaintiffs cannot, under a provision of the Prison Litigation Reform Act, bring an action under federal law concerning prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). However, Defendant is incorrect in his implication that exhaustion is a pleading requirement – that is, that a prisoner plaintiff is required to state and demonstrate in his complaint that he has exhausted administrative remedies. The United States Supreme Court, in *Jones v. Bock*, 549 U.S. 199 (2007), abrogating earlier cases such as *Brown*, *supra*, held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 921. A defendant could bring a Rule 12(b)(6) motion to dismiss based upon an affirmative defense, the *Jones* Court noted, if it were clear from the face of the complaint itself that the defense must succeed. *See, e.g., id.* at 920-921 (comparing failure to exhaust to statute of limitations). However, this is not the case in the six plaintiffs' pleadings; it is not obvious that they have failed to exhaust.

This motion would therefore fail as one under Rule 12(b)(6) (or under Rule 12(c)). However, as noted above, the exhibits Defendant attached to his original motion and his reply memorandum have rendered this motion instead one for summary judgment. The question at issue therefore becomes whether there is any genuine issue of material fact as to whether the six plaintiffs failed to exhaust their

5

administrative remedies.

## IV. Evidence as to exhaustion

Defendant Gary Sims provided an unsworn declaration under penalty of perjury, in which he stated that the administrative remedy in Ohio's prison system for claims to a religious accommodation is to request such an accommodation from the prison chaplain and then appeal its denial to Defendant himself. (Doc. 77-1 at 1.) He further stated that he processes and maintains records of inmate appeals from the denial of religious accommodations and that "Inmates Roger Green, Joe Pelfrey, Steve Hamilton, Lawrence Jameson, Laurence Hogan and Ricky J. Mollett have never appealed the denial of any religious accommodation to me." (*Id.* at 2.) The six plaintiffs did not respond to the motion, and have not directly refuted this assertion. However, each plaintiff has affirmatively alleged the following with respect to administrative remedies:

● "Plaintiff Green filed his religious accommodation request in April, 2008. The Warden denied the request in September, 2008. Green appealed to Defendant Sims in October, 2008. As of this date Defendant Sims has failed to respond within the time allowed." (Doc. 1-2 at 3.)

● "Plaintiff Hamilton filed his religious accommodation request on April 6, 2008. The Warden denied the request on September 14, 2008. Hamilton appealed to Defendant Sims on September 24, 2008. Defendant Sims has failed to timely respond to this appeal." (Doc. 1-2 at 3.)

6

● "Defendant Gary Sims and/or ODRC prison staff refuse to timely process [Jameson's] religious accommodation request / appeal which I filed on or about the date of March 2009 - thru - May 2009." (Doc. 34 at 2.)

● "Defendant Gary Sims and/or ODRC prison staff refuse to timely process [Hogan's] religious accommodation request / appeal which I filed on or about the date of 5-7-09." (Doc. 37 at 2.)

● "Defendant Gary Sims and/or ODRC prison staff refuse to timely process [Mollett's] religious accommodation request / appeal which I filed on or about the date of 5-1-09." (Doc. 40 at 2.)

● "Defendant Gary Sims and/or ODRC prison staff refuse to timely process [Pelfrey's] religious accommodation request / appeal which I filed on or about the date of April 25th 09." (Doc. 41 at 2.)

The statements of Green and Hamilton were contained in the original complaint in this action, which they signed and declared under penalty of perjury to be true. (Doc. 1-2 at 6.) The statements of Jameson, Hogan, Mollett, and Pelfrey were contained in their motions for leave to join as plaintiffs.[1] None of these four statements purported to be under penalty of perjury. Moreover, each of them, by alleging only that"Sims and/or ODRC prison staff" failed to timely process an "accommodation request /appeal", rendered his statement ambiguous as to what stage in the administrative grievance process he had reached before filing suit.

---

[1] The Court notes that these four motions were identical forms, in which were typed the prisoner's personal information.

Consequently, Defendant's motion is effectively unrefuted as to these four defendants, and no genuine issue of material fact exists.

With respect to Plaintiffs Green and Hamilton, however, there is conflicting evidence. Defendant Sims affirmed that they had not appealed, and Green and Hamilton affirmed that they had. Given an established grievance procedure and an administrative record-keeping system, Sims' statement that there is no record of these plaintiffs having filed an appeal is controlling absent some probative evidence to the contrary. If Plaintiffs Green and Hamilton contest Sims' declaration, they are **ORDERED** to file affidavits or declarations under penalty of perjury within fourteen days of the date of this Report and Recommendation providing the Court with copies of the prison chaplain's decision and of their appeal to the Religious Services Administrator.

V.  **Recommendation**

I accordingly **RECOMMEND** that Defendant's motion (Doc. 60) be **GRANTED IN PART**, and that this case be **DISMISSED WITHOUT PREJUDICE** with respect to Plaintiffs Pelfrey, Jameson, Hogan, and Mollett for failure to exhaust administrative remedies before suit, as required by 42 U.S.C. §1997e(a). The claims of Plaintiffs Green and Hamilton will be dismissed without prejudice unless they provide affidavits and supporting documents within fourteen days supporting their assertion that they appealed a prison chaplain's adverse decision to the Religious Services Administrator.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgement of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

s/Mark R. Abel<br>
United States Magistrate Judge