IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. DAMRON, *et al.*, | : | |
| Plaintiffs, | : | Civil Action 2:09-cv-50 |
| v. | : | Judge Marbley |
| GARY SIMS, | : | Magistrate Judge Abel |
| Defendant. | : | |

**ORDER**

This matter is before the Court for *de novo* review of the Magistrate Judge's January 27, 2010 Report and Recommendation (Doc. 94) that Plaintiffs' March 17, 2009 motion for partial summary judgment (Doc. 11) be denied. This case has been brought by several inmates of Ohio prisons against Gary Sims, the Ohio Department of Rehabilitation and Correction ("ODRC") Religious Services Administrator. Plaintiffs allege that they are all sincere adherents of the Christian Separatist religion, and that they have been denied, in various ways, the free exercise of their religion.

The Magistrate Judge, in his report and recommendation, found that the Court could not grant partial summary judgment to Plaintiffs because their complaint, and motion failed to state with specificity what injury any Plaintiff had actually suffered. For example, in addressing Plaintiffs' claim that ODRC officials

1

had been screening Christian Separatist literature under a constitutionally impermissible standard, the Magistrate Judge found:

> Plaintiff argue that they are entitled to have religious publications screened under a certain constitutional standard, and that the ODRC's current screening policy violates their rights. This may or may not be so. They have not, however, alleged that any particular publication was barred on any particular occasion, and that any particular plaintiff had been harmed thereby. Without an actual, specific dispute requiring adjudication, this Court has no constitutional power to act.

(Doc. 94 at 5.) The Magistrate Judge, finding that Plaintiffs had only complained in general terms about ODRC policies and had not specifically set forth facts demonstrating that they were entitled to judgment on their claims, recommended that their motion for partial summary judgment be denied.

Plaintiff James E. Damron, styling himself the "Agent/Plaintiff", filed a motion for reconsideration (Doc. 104) on February 4, 2010; the Court will consider this to have been a timely objection to the Report and Recommendation.[1] His objections were accompanied by voluminous exhibits which appear, on their face, to be copies of grievances, dispositions of grievances, and correspondence concerning religious accommodations. Plaintiff Damron represents that these documents contain proof of various Plaintiffs' claims to have been unjustly denied religious accommodations.

---

[1] Plaintiff James E. Damron has apparently obtained various powers of attorney for fellow plaintiffs. The Magistrate Judge, in an order of February 9, 2010 (Doc. 105), denied his motion to be appointed agent or attorney for these others. Nevertheless, Plaintiff Damron has continued to refer to himself as "agent" for other parties. *See, e.g.*, Doc. 108.

2

However, the Court will not consider these matters with respect to Plaintiffs' originally filed motion for partial summary judgment. The Local Civil Rules of the Southern District of Ohio state:

> When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence.

S.D. Ohio Civ. R. 7.2(d). This rule exists to ensure that parties opposing motions such as the one at issue are afforded an opportunity to rebut, or to provide their own evidence in opposition to, that motion. Defendant here has had no such opportunity to respond to the volume of new evidence accompanying Plaintiff Damron's objection.

Plaintiff Damron has not specifically objected to any legal conclusion reached by the Magistrate Judge in his Report and Recommendation (Doc. 94). The finding of that Report and Recommendation – that Plaintiffs' motion for partial summary judgment as it was presented to the Court did not address a justiciable controversy – is, upon *de novo* review, **ADOPTED**. Plaintiffs' motion for partial summary judgment (Doc. 11) is **DENIED**. However, this denial is **WITHOUT PREJUDICE** to any plaintiff to file a new motion for summary judgment, accompanied by supporting affidavits and documents.

s/Algenon L. Marbley  
United States District Judge