IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. DAMRON, *et al.*, | : | |
| Plaintiffs, | : | Civil Action 2:09-cv-50 |
| v. | : | Judge Marbley |
| GARY SIMS, | : | Magistrate Judge Abel |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the Court pursuant to the Magistrate Judge's January 27, 2010 Report and Recommendation (Doc. 95) recommending that Defendant's motion for judgment on the pleadings against certain defendants for failure to exhaust administrative remedies (Doc. 60) be granted in part.  In his motion, Defendant argued that Plaintiffs Roger Green, Joe Pelfrey, Steve Hamilton, Lawrence Jameson, Laurence K. Hogan, and Ricky J. Mollett had failed to state a claim upon which relief could be granted because they had failed to allege that they had exhausted their administrative remedies before filing, as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a).

The Magistrate Judge found, pursuant to *Jones v. Bock*, 549 U.S. 199 (2007), that exhaustion is not a pleading requirement, but interpreted Defendant's motion, together with the exhibits he attached to his motion and reply, as one for summary judgment on an affirmative defense of failure to exhaust.  In his Report and

Recommendation, the Magistrate Judge found that Defendant's declaration that he had never received an appeal of denial of religious accommodations from any of these six plaintiffs was unrefuted with respect to Plaintiffs Jameson, Hogan, Mollet and Pelfrey, and recommended that these be dismissed without prejudice.  He found further that the verified complaint signed by Plaintiffs Green and Hamilton conflicted with Defendant's declaration, but that Defendant's statement that no appeal had taken place was controlling absent some probative evidence to the contrary.  The Magistrate Judge ordered Plaintiffs Green and Hamilton to file affidavits or declarations under penalty of perjury within fourteen days providing the Court with copies of the prison chaplain's decision and of their appeal to the Religious Services Administrator.

Plaintiffs Jameson, Hogan, Mollet, and Pelfrey have not filed objections to this Report and Recommendation.  Plaintiff Hamilton did not file an affidavit or declaration supporting his assertions that he exhausted his administrative remedies.  Plaintiff Green filed a declaration under penalty of perjury (Doc. 110), stating that attached exhibits proved that he had exhausted his administrative remedies.  However, no attachments to this declaration appear on the Court's docket, or appear to have been filed.

Although Plaintiff Jameson did not file objections to the Report and Recommendation, Plaintiff James E. Damron later filed a motion for reconsideration of a different report and recommendation (Doc. 104).  Attached to this were several exhibits.  One (Doc. 104-9), designated as Exhibit I, consisted of

grievances, and correspondence relating to grievances, from Plaintiff Jameson.  The latest document extant in this exhibit is a letter from Defendant to Plaintiff Jameson dated July 29, 2009, instructing him that "I am in receipt of your request to appeal the decision of your religious accommodations request".  (Doc. 104-11 at 3.)  Defendant then stated that Plaintiff Jameson had failed to submit his appeal on a certain form, or to include copies of prior dispositions.  He requested that Plaintiff re-file his appeal.  (*Id.*)  This letter postdates Plaintiff Jameson's July 6, 2009 motion for leave to join this lawsuit as a plaintiff, and as such is evidence that he did not exhaust administrative remedies prior to bringing suit.

Accordingly, upon *de novo* review, I **ADOPT** the Report and Recommendation (Doc. 95).  Defendant's Motion for Judgment on the Pleadings (Doc. 60) is **GRANTED**.  This action is **DISMISSED WITHOUT PREJUDICE** with respect to plaintiffs Roger Green, Joe Pelfrey, Lawrence Jameson, Steve Hamilton, Laurence K. Hogan, and Ricky J. Mollett, for failure to exhaust administrative remedies before filing suit.

s/Algenon L. Marbley  
United States District Judge