IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. DAMRON, *et al.* | : | |
| Plaintiffs | : | Civil Action 2:09-cv-50 |
| v. | : | Judge Marbley |
| GARY SIMS, | : | Magistrate Judge Abel |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to Plaintiff James E. Damron's Motion for Partial Summary Judgment (Doc. 140).[1]

This action was filed on January 20, 2009. In the complaint, Plaintiffs, alleged that:

> This is a civil rights action filed by six inmates for damages, injunctive and declaratory relief under 42 U.S.C. §1983 and 42 U.S.C. §2000cc, alleging denial of free exercise of religion in failure to (1) permit work proscription on Christian Sabbath; (2) failure to permit observance of religious Holy Days and Feast Days (Pentecost, Resurrection Sunday, Passover, and Day of Vindication); (3) Separate worship and study for adherents of Christian Separatist Church apart from non-whites and homosexuals; (4) Cell separation from non-whites and homosexuals; (5) That Christian Separatist religious literature be permitted within the

---

[1] Although only Plaintiff Damron signed the motion, the reply memorandum in support (Doc. 217) was signed by Plaintiffs Damron, Grimes, Shelpman, and Holton, as well as several nonparties. For simplicity, this analysis will refer to the motion as Plaintiff Damron's.

1

> institutions under the Least Restrictive Means mandated by the Religious Land Use and Institutionalized Persons Act (RLUIPA, 42 U.S.C. §2000cc); (6) That institution Chapel and Library make Christian Separatist religious books and literature available on basis similar to availability of religious literature for mainstream Christians, Muslims and Jews.

(Doc. 13 at 2.)  Much has followed.  Now before the Court is a motion for partial summary judgment filed by Plaintiff Damron, in which he requests "this Honorable Court to GRANT him Summary Judgment as to the fact that the Christian Separatist Church (C.S.C.) has been authorized as a religious group by Religious Services Administrator, Gary Sims of the ODRC."  (Doc. 140 at 1.)  To his motion, Plaintiff attaches a document appearing on its face to be a January 14, 2010 decision of Defendant Gary Sims, the Religious Services Administrator of the Ohio Department of Rehabilitation and Correction ("ODRC"), permitting nonparty inmate Michael Nelson a religious accommodation to grow his hair.  (Doc. 140 at 4.) In the heading of this document, Mr. Nelson's religious affiliation is listed as "Christian Separatist", the denomination to which Plaintiffs state they belong and which is at issue in this litigation.  Plaintiff's argument is, in short, that this constitutes evidence that Defendant has recognized the Christian Separatist Church as a religious group, and that the plaintiffs are therefore entitled to the same protections as any other religious group recognized by the ODRC.  "Courts have consistently held that when one religious group is permitted to engage in a particular activity, the same right must be accorded all other religious groups within the institution."  (Doc. 140 at 2.)  The motion requests partial summary

judgment "GRANTING the request of the Christian Separatist Church for its religious accommodations."

Defendant, upon opposition, objects that in the first place Mr. Nelson's accommodation does not constitute admissible evidence, and that in the second place Plaintiffs have not sued to have the Christian Separatist Church "recognized" by the ODRC, but rather to compel the ODRC to grant them certain religious accommodations they seek *because* they are Christian Separatists.[2]  Plaintiff rejoins that the purpose of the Religious Accommodation Request form is to permit "a personal set or institutionalized system of observances, beliefs, attitudes and practices." (Doc. 217 at 2.)

Neither side in this litigation has offered any specific information on what it might mean for the ODRC to "recognize" a religion.  The Ohio Administrative Code, at §5120-9-37(E), provides for inmates to request permission to form an "authorized group", which can congregate for a specific purpose, though it also states that inmates wishing to participate in "religious group activities shall contact the institution's chaplain to ascertain the specific requirements for processing such a request."  O.A.C. §5120:1-8-11(F) requires that prisoners at full-service local jails be permitted "to practice a recognized religion", though this regulation does not apply

---

[2] It does not appear that Plaintiffs have ever alleged that Defendant has refused to let them even declare their affiliation as Christian Separatist, and their complaint does not contain a request that the court order Defendant to do so. Instead, Plaintiffs allege that Defendant has refused them certain accommodations *despite* their Christian Separatist affiliation and their avowed need.

to prisons such as movants' Ross Correctional Institution.  ODRC regulation 72-REG-01, which provides for the operation of institutional religious services, states that it is ODRC policy "to ensure that inmates, who wish to do so, may subscribe to any religious belief they choose", but does not provide for the recognition of specific faiths.  Regulation 72-REG-02 provides that an inmate's religious "affiliation" will be recorded at reception, and that those inmates who have established a religious affiliation and wish to request an accommodation shall submit a formal Request for Religious Accommodation.[3]  This regulation provides for the approval of congregate services for any group "not already receiving such services", and for the recognition of new religious holidays.  It also states that accommodations will not be automatically granted based on affiliation alone.

This motion should properly be denied, for the following reasons.  Plaintiffs have asked this court to order Defendant Gary Sims to authorize certain religious accommodations.  The reason why Plaintiffs want these, they say, is because they are adherents of the Christian Separatist faith and their religious belief requires them (*i.e.* work proscriptions) or because other faiths are permitted similar activities (*i.e.* obtaining Christian Separatist literature).  No plaintiff has brought suit claiming that he was wrongly punished for asserting that he was a Christian Separatist, but rather that Ohio's corrections system has prevented him from doing something that he wishes to do (such as receive particular literature) or is

---

[3] Plaintiffs have, of course, sued because their requests for religious accommodation were denied.

attempting to force him to do something that he does not (such as work on a particular day).[4]  Therefore, whether or not Defendant did at one point refer to a nonparty as having declared a "Christian Separatist" affiliation is not dispositive of any issue in this case, and forms no basis for finding that Plaintiffs are entitled to summary judgment.[5]

Regulation 72-REG-02, as stated above, permits inmates to request religious accommodations, and mandates that these will not be automatically granted because of an inmate's affiliation.  Whether or not Mr. Nelson's statement that he was a Christian Separatist was honored does not lead automatically to a finding that Defendant must grant the Plaintiffs the accommodations they want.  Plaintiffs must still prove that the religious accommodations they demand in their complaint were improperly denied them, not that Defendant has acknowledged that a person

---

[4] Plaintiff Damron, in a declaration accompanying a prior motion for partial summary judgment (Doc. 11-1 at 1-2), stated that the Christian Separatist religion was not considered an authorized group, and that inmates could be punished for belonging to it under O.A.C. §5120-9-37 and for possessing materials affiliated with an unauthorized group under §5120-9-37(B)(2).  Again, however, the complaint in this case does not allege that any plaintiff was ever wrongly punished for *belonging* to the unrecognized community of Christian Separatists within his institution, but rather that they were unfairly denied religious accommodations which a Christian Separatist requires.

[5] It could constitute evidence to support Plaintiffs' claims that it was wrong for Defendant to deny their religious accommodations, if they were to argue that Defendant had denied their accommodations on grounds that anyone identifying himself as "Christian Separatist" does not hold genuine religious beliefs forming a legitimate basis for an accommodation or because he maintained that there is no such thing as the "Christian Separatist Church".  The Court does not find, however, that Plaintiffs have ever made this argument, and does not address today Defendant's argument that this evidence is not properly before the Court.

can declare himself Christian Separatist and that Mr. Nelson demonstrated to Defendant's satisfaction that it was necessary and reasonable for him to grow out his hair.

Accordingly, I **RECOMMEND** that the motion for partial summary judgment (Doc. 140) be **DENIED**.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgement of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

                                              s/Mark R. Abel
                                              United States Magistrate Judge