IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES E. DAMRON, *et al.*,           :

       Plaintiffs,           :           Civil Action 2:0 -cv-

  v.           :           Judge

GARY SIMS,           :           Magistrate Judge Abel

       Defendant.           :

### REPORT AND RECOMMENDATION

This matter is before the Court pursuant to Plaintiffs' Motion for Partial Summary Judgment (Doc. 189). Plaintiffs have sued claiming that they have been denied various inmate religious accommodations which they require as adherents of the Christian Separatist faith. The present motion for partial summary judgment relates specifically to the Plaintiffs' claims that they have been denied work proscriptions on the Sabbath and that the Ohio Department of Rehabilitation and Correction (ODRC) has improperly screened certain religious literature.

**Summary judgment**.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by

demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (concluding that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations [...] but [...] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 324. Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Matsushita*, 475 U.S.

at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

### Screening of publications.

The Court observes that Plaintiffs moved for summary judgment on the same two claims in their March 17, 2009 motion for partial summary judgment (Doc. 11). The Report and Recommendation (Doc. 94) recommending that the prior motion be denied said, with respect to the screening of literature:

> Plaintiffs argue that they are entitled to have religious publications screened under a certain constitutional standard, and that the ODRC's current screening policy violates their rights. This may or may not be so. They have not, however, alleged that any particular publication was barred on any particular occasion, and that any particular plaintiff had been harmed thereby. Without an actual, specific dispute requiring adjudication, this Court has no constitutional power to act. It is not an investigative or policy-making body which can conduct a review of the ODRC's policies, whatever the basis for Plaintiffs' arguments that ODRC's policies are wrong. The Court exists to hear controversies, and Plaintiffs have not described any particular incident about which they complain. Because Plaintiffs have not identified such an actual dispute, the Court cannot grant them summary judgment.

(Doc. 94 at 5-6.) Plaintiffs' argument on the question of religious literature in this motion is completely identical to that in their original motion. The deficiency in this motion is nearly identical. Their original motion, as stated above, failed to state what it was that Defendant had done to harm them, aside from a broad assertion that the ODRC generally follows unconstitutional principles in its screening. Plaintiffs did not say what book or other publication it was that had been incorrectly screened, or offer any other kind of specifics which would permit the Court to determine what was at issue in this case. The Court cannot and will

3

not issue an advisory opinion as to whether the ODRC does screen, or ought to screen, prisoner materials according to a "reasonableness" or "least restrictive means" standard. Its ability to resolve cases requires some specific set of facts involving some particular publication which Defendant wrongly denied to some particular plaintiff, not a general claim that the ODRC is in the habit of failing to obey the Religious Land Use and Institutionalized Persons Act.

This motion, unlike the prior version, is accompanied by voluminous exhibits. These appear to consist of correspondence, prisoner grievance forms, grievance dispositions, and forms entitled "Notice of Withholding Printed Material". Defendants object to the use of all of these as evidence, and move that they be struck from the record, on grounds that they are inadmissible hearsay, are not authenticated, and are irrelevant.[1] However, Plaintiffs do not refer to any of these exhibits anywhere in their motion or explain why or how they illustrate or provide evidence for their claims. The burden is not upon the Court to pore through these and to determine what Plaintiff's claims and arguments are. While (assuming that the documents were admissible and relevant) these materials might provide evidentiary support for a motion for summary judgment, Plaintiffs are not freed

---

[1] The Court need not, at this time, adjudge Defendant's memorandum to the extent that it is a motion to strike, although it notes that it is apparent that the documents have not been authenticated. In any case, for the sake of convenience, Plaintiffs need not refile physical copies of these documents to refer to them in future. They can be cited to as exhibits A-M to Doc. 189.

from the obligation of explaining to the Court what any of it is supposed to mean.[2] The Court cannot grant summary judgment when the plaintiffs have not clearly stated the nature of the dispute.

### Work proscription.

Essentially the same deficiency applies to Plaintiffs' claims that they have been denied a work proscription on the Christian sabbath. They state that they are entitled to summary judgment, because this Court previously, in *Grigsby v. Sims*, Southern District of Ohio Case No. 2:04-cv-882 (June 14, 2005), held that prisoners may, under certain circumstances, refuse to work on their sabbath. Again, however, plaintiffs have presented nothing but a statement that they are entitled to such proscriptions, and an assertion that Defendant continues to "refuse this right to inmates under his jurisdiction." (Doc. 189 at 2.) None of Plaintiffs' exhibits appear to relate to the denial of work proscriptions. Their motion again does not state which of the Plaintiffs were denied such proscriptions, or when, or what jobs they work for which they require proscriptions. Without this information, the Plaintiffs have not presented a controversy for the Court to resolve.

### Conclusions.

The Court reiterates that it is insufficient for the Plaintiffs to provide it with generalized statements of the law combined with generalized allegations that

---

[2] Exhibit B to the motion (Doc. 189-2) is an index of the rest of the exhibits, with some commentary about individual documents. It is not, however, a substitute for a motion explaining what it is that Defendants are supposed to have done, to whom, and why it violated the law.

Defendant violates it.  It is also insufficient for the Plaintiffs to present a large body of documents with the assumption that the Court will find claims in it somewhere. The purpose of a motion for summary judgment is to permit a litigant to state that he is entitled to judgment as a matter of law on "all or part of the claim", because "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Without an explanation of what that claim is, beyond the barest allegation that Defendant typically or repeatedly violates inmates' rights, the Court cannot grant relief.

Accordingly, I **RECOMMEND** that the motion (Doc. 189) be **DENIED**.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge
