IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. DAMRON, *et al.*, | : | |
| Plaintiffs. | : | Civil Action 2:09-cv-050 |
| v. | : | Judge Marbley |
| GARY SIMS, | : | Magistrate Judge Abel |
| Defendant | : | |

# ORDER

This action was initially filed by Plaintiffs James E. Damron, Billy J. McClurg, Roger Green, Steve Hamilton, Jason Ellis, and Brian Vidrine on January 20, 2009.[1] Various other persons have moved since then for leave to join this action as plaintiffs. The Court has granted some of these requests and denied others.

As the Magistrate Judge has repeatedly held, the Prison Litigation Reform Act states that inmate plaintiffs cannot bring an action under federal law concerning prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Furthermore, an inmate plaintiff may not exhaust administrative remedies during the pendency of his federal suit. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *see also McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Importantly, however, where a prisoner

---

[1] Roger Green and Steve Hamilton have since been dismissed from this action.

wishes to become a plaintiff in an existing lawsuit, he must have exhausted his administrative remedies *before that existing lawsuit was filed*, not just before the new prisoner moved to intervene. Otherwise, a single lawsuit could exist in perpetuity as old plaintiffs were granted relief or dismissed, and new plaintiffs joined from time to time. "In making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002), quoting *Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1323 (11th Cir. 2000).

The only prisoners eligible to be plaintiffs in this litigation are persons who exhausted their administrative remedies on or before January 20, 2009, the date on which this litigation was originally filed. Any other person seeking to bring a claim of this nature must file a new lawsuit. This is the basis upon which the Magistrate Judge has repeatedly denied new requests for leave to join this action as a plaintiff; whether or not the movants have exhausted their administrative remedies, they did not do so before January 20, 2009.

For this reason, the pending motions for reconsideration of orders denying joinder (Docs. 243, 248, 259) are **DENIED**.

Plaintiffs have also filed a motion for reconsideration (Doc. 244) of the Magistrate Judge's Order of July 28, 2010 granting Defendant a further extension of time to respond to Plaintiffs' motion for summary judgment. Although, as Plaintiffs assert, Defendant was granted substantial extensions of time to respond

to this motion, it is also the case that Plaintiffs have filed, to date, no fewer than three motions for summary judgment.  The motion for reconsideration (Doc. 244) is **DENIED**.

Finally, Plaintiff James E. Damron has filed a motion asking the Court to reconsider its order of June 30, 2010 denying Plaintiff Damron's motion to certify this case as a class action (Doc. 212).  Plaintiff Damron again asks for the appointment of counsel and for this case to be certified as a class action.  He raises no arguments that the Court has not previously addressed.  The motion for reconsideration (Doc. 212) is **DENIED**.

s/ Algenon L. Marbley  
United States District Judge