IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James E. Damron, | : | |
| Plaintiff | : | Civil Action 2:09-cv-050 |
| v. | : | Judge Marbley |
| Wanza Jackson, | : | Magistrate Judge Abel |
| Defendant | : | |

ORDER DENYING RECONSIDERATION

This matter is before the Court pursuant to Plaintiff's October 11, 2011 motion (Doc. 328) to alter or amend the Court's opinion and order of September 21, 2011.[1]  In it, the Court denied Plaintiffs' motion for summary judgment and granted Defendant's motion for summary judgment in part, dismissing all claims except those for denial of religious literature, and all plaintiffs except for James E. Damron.

Plaintiff in the first place takes exception to what he describes as a mischaracterization of Christian Separatist belief.  In the Court's opinion, it stated:

In her motion for summary judgment, Defendant suggested that Plaintiff has

---

[1] A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) is properly applicable only to final entries of judgment, which the Order of September 21, 2011 was not.  The Court will address the present motion as one for reconsideration.

1

> not suffered a substantial burden upon his religious practice, because, despite being denied certain accommodations, he could still: (1) visit individually with a minister during normal prison visiting hours; (2) receive religious publications which do not incite violence; (3) engage in individual prayer, study, and reflection; and (4) engage in congregational worship with Protestants. (Doc. 316 at 6.) Plaintiff argues that these proposed alternatives are inadequate; with respect to segregated worship, he rebuts specifically that there is no Christian Separatist minister in Ohio who could visit him, that the opportunity for individual prayer is tautological and meaningless, and that the tenets of Christian Separatism are fundamentally incompatible with those of ordinary Protestant denominations, which Plaintiff characterizes as unacceptably "Judeo" Christian beliefs. (Doc. 319 at 12.)

(Doc. 327 at 14.) Plaintiff states that it is not true that for Christian Separatists "the opportunity for individual prayer is tautological and meaningless". The Court in this passage summarized Plaintiffs' rebuttal to Defendant's suggestion that individual worship was an acceptable alternative to collective worship (Doc. 319 at 11): "[T]he Defendant's invitation to individual prayer call[s] for cessation of all religious services since everyone can pray in their cell." The Court's reference therefore was not that Plaintiffs had argued that individual prayer was meaningless, but that Plaintiffs had argued that it was meaningless for Defendant to refer to the "opportunity" for individual prayer.

Plaintiff also argues that the Court erred in granting Defendant summary judgment on the Plaintiffs' claims that she had infringed their right to free exercise of religion by failing to permit separate congregate worship services for Christian Separatist adherents. In their complaint, Plaintiffs sought "[s]eparate worship and study for adherents of Christian Separatist Church apart from non-whites and homosexuals". (Doc. 1-2 at 2.)

2

Under RLUIPA, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §2000cc *et seq.*:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution [...] even if the burden results from a result of general applicability, unless the government demonstrates that imposition of the burden on that person
>
> (1)   is in furtherance of a compelling government interest; and
> (2)   is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. §2000-cc-1.  Furthermore:

> If a plaintiff produces prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2000cc of this title, the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion.

42 U.S.C. §2000-cc-2.  In its order granting summary judgment, the Court found that Plaintiff had failed to make a *prima facie* showing of a substantial burden upon his ability to practice the Christian Separatist faith.

Assuming *arguendo* that Plaintiff has made such a showing of substantial burden, Defendant bears the burden of persuasion that refusing Christian Separatist adherents separate worship apart from nonwhites and homosexuals is in furtherance of a compelling government interest and is the least restrictive means of furthering that compelling government interest.  The Sixth Circuit Court of Appeals held in *Hoevenaar v. Lazaroff*, 422 F.3d 366, 370 (6th Cir. 2005), that under RLUIPA courts are to give "due deference" to the expertise and judgment of

prison officials as to matters of institutional security, discipline, and good order. In an affidavit accompanying Defendant's motion for summary judgment, Austin Stout, an assistant ODRC chief counsel, explained ODRC's position on segregated worship:

> No inmates are excluded from any congregate worship services based on race or sexual orientation. Providing inmates that identify themselves as a member of the Christian Identity Church is not possible for two reasons. First, because the Christian Identity church is connected to or associated with known Security Threat Groups and white supremacist groups, allowing members to congregate under the guise of religious worship would create serious safety and security concerns. Second, ODRC does not have the resources to provide every religious sect within a particular religion with their own religious service. Instead, ODRC has rationally decided to accommodate as many faith groups as possible by providing services that are common to all sects within a particular faith. Thus, inmates who identify themselves as members of the Christian Identity Church may participate in the general Christian religious service offered by their institutions.

(Doc. 316-1 at 7.)[2]

The Court is not required to simply accept at face value ODRC's representations concerning the dangers of permitting Christian Separatist adherents to congregate. Nevertheless, ODRC's argument that it cannot reasonably administer a kaleidoscope of worship services for any individual group that wishes to form a separate congregation, and must instead offer general services for similar sects is rational and persuasive, even given Plaintiff's evidence that general Protestant religious services are unacceptable to Christian Separatists. ODRC has

---

[2] The Court takes Mr. Stout's references to the "Christian Identity Church" to refer instead to the Christian Separatist Church; *q.v.* Doc. 49.

4

a compelling governmental interest in utilizing limited resources to make congregate worship available to as many inmates as possible, and a policy against separate services for separate denominations appears the least restrictive means of furthering that interest.

In addition, granting the relief the plaintiffs here seek might well be fruitless. Were the Ohio Department of Rehabilitation and Correction ("ODRC") compelled to permit the establishment of Christian Separatist worship services separate from ordinary Protestant services, it could not bar nonwhites from them. Such a bar would contravene the ODRC's compelling and obvious interest in maintaining institutional security by not permitting the establishment of exclusive prisoner organizations, and would be deeply suspect as institutionally mandated race discrimination.[3] In addition, as Defendant points out, ODRC does not keep information on inmates' sexual orientation, and so has no ability to enforce a prohibition of homosexuals at Christian Separatist services.

Accordingly, as the Court finds that, even were refusing to permit Christian Separatist adherents to hold separate worship services a substantial burden on their religious exercise, such refusal is in the furtherance of a compelling government interest, and is the least restrictive means of furthering that compelling government interest. Accordingly, Defendant's action in refusing such

---

[3] Furthermore, of course, should any nonwhites (or homosexuals) aver that they wished to become adherents of the Christian Separatist faith, barring them from participating in institutional Christian Separatist services would itself be a substantial burden on *their* religious exercise.

5

separate worship is not violative of RLUIPA, and summary judgment on this issue was properly granted to Defendant.  The motion (Doc. 328) is **DENIED**.

s/Algenon L. Marbley<br>
United States District Judge