UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES E. DAMRON,

      **Plaintiff**                                Civil Action 2:09-cv-50
v.                                         Judge Algenon L. Marbley
                                                  Magistrate Judge Elizabeth P. Deavers

WANZA JACKSON, *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Writ of Assistance to Enforce and to Show Cause ("Motion to Enforce Settlement") (ECF No. 354), Defendant's Response in Opposition (ECF No. 357), and Plaintiff's Reply (ECF No. 358). For the reasons explained below, it is **RECOMMENDED** that Plaintiff's Motion to Enforce Settlement be **DENIED**.

## I. BACKGROUND

The factual background of this case is set forth in the District Judge's September 4, 2012 Order dismissing Plaintiff's case for mootness. (ECF No. 347.) According to Plaintiff, on August 24, 2015 Defendant removed various pieces of Christian Separatist literature from the Ross Correctional Institution chapel in violation of their alleged "Settlement Agreement" in this matter. (ECF No. 354 at 2.) Plaintiff filed his Motion to Enforce Settlement on October 5, 2015. (*Id.*)

## II. STANDARD OF REVIEW

"[B]efore entry of judgment or dismissal, district courts have jurisdiction over the subject matter of the cases pending before them and 'retain the inherent power to enforce agreements

entered into in settlement of litigation pending before them.'" *Jaynes v. Austin*, 20 F. App'x 421, 424 (6th Cir. 2001) (quoting *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976)); s*ee Brock v. Schemer Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) ("Courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them."); *see also Byrd v. Time Warner Cable Inc.*, 507 F. App'x 565, 566 (6th Cir. 2012). A district court must be convinced that all material terms have been agreed upon in order to enforce a settlement. *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001). In contrast, after the dismissal of an action and the entry of final judgment, the Court must have an independent basis for federal jurisdiction to enforce the settlement agreement. *See Austin*, 20 F. App'x at 424 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ); *Downey v. Clauder*, 30 F.3d 681, 687 (6th Cir. 1994) (after parties settled case and court entered a judgment without retaining jurisdiction to enforce settlement agreement, the district court did not have jurisdiction to enforce settlement agreement)).

### III. ANALYSIS

**A. No Evidence of a Valid Settlement Agreement**

A settlement agreement is a contract designed to terminate a claim by preventing or ending litigation. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St. 3d 501, 502, 660 N.E.2d 431 (1996). To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear. *Rulli v. Fan Co.*, 1997-Ohio-380, 79 Ohio St. 3d 374, 376, 683 N.E.2d 337 (Ohio 1997). It is longstanding blackletter law in Ohio that "[a] contract is an agreement, upon sufficient consideration, between two or more persons to do or not to do a particular thing." *Barlay v. Yoga's Drive Thru*, 2003-Ohio-7164, No 03AP-545, 2003 WL 23024481 at *1 (Ohio Ct. App. Dec. 30, 2003) (quoting

*Lawler v. Burt*, 7 Ohio St. 340, 349 (Ohio 1857).  The Ohio Supreme Court has long recognized the rule that a contract is not binding unless it is supported by consideration.  *Judy v. Louderman*, 48 Ohio St. 562, paragraph two of the syllabus (Ohio 1891).  "A valuable consideration, in the sense of the law, may consist either in some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other."  *Irwin v. Lombard Univ.*, 56 Ohio St. 9, 20 (Ohio 1897) (internal quotes and citation omitted).  The agreement's obligations must be mutual and binding upon both parties.  *Fanning v. Insurance Co.* 37 Ohio St. 339, 343-344 (Ohio 1881).

Defendant moves to enforce what he calls the parties' "Settlement Agreement" on the ground that Defendants' withdrawal of certain literature violates the terms of their agreement.  (ECF No. 354 at 2.)  After a careful review of the extensive record in this case, however, the Undersigned finds that Plaintiff has failed to show evidence of a settlement agreement that the Court, should it have jurisdiction, could enforce.

**1. No Evidence of Settlement Agreement's Material Terms**

In his motion, Plaintiff refers to the Clerk's Judgment as containing the "Settlement Agreement." (ECF Nos. 354 at 2 & 354-1 at 8.)  Rather than containing the terms of a settlement agreement, however, the Clerk's Judgment merely refers to the District Judge's Order dismissing Plaintiff's then-remaining claims for mootness.  (ECF No. 348.)  The District Judge's Order contains no reference to any settlement agreement between the parties.  (ECF No. 347.)  Neither party asserted the existence of a settlement at any time prior to Plaintiff's instant Motion.  (ECF No. 354.)  In his Motion, Plaintiff fails to indicate what terms he believes constitute the supposed settlement agreement.   Plaintiff merely lists three pieces of religious literature and advances the conclusory argument that their removal from the chapel library violates the parties' settlement

agreement.  (ECF No. 354 at 2.)  Two of the three titles listed, however, were not even at issue in this case.[1]  (ECF No. 347 at 2.)  Plaintiff repeats his conclusory allegations in his reply and provides no evidence of any terms other than his being allowed to possess the subject literature. (ECF No. 358 at 3.)  The Undersigned finds, therefore, that Plaintiff has failed to allege the material terms of a settlement agreement between the parties.

**2. No Evidence of Consideration or Mutual Obligation**

In his Reply, Plaintiff again asserts the existence of a settlement agreement, citing Defendant's decision to allow Plaintiff to retain the subject literature.  (ECF No. 358 at 3.) Plaintiff thereby describes what he believes to be the consideration offered by Defendant.  (*Id.*) Plaintiff, however, provides no evidence of any forbearance on his part.  At the time of the District Judge's Order dismissing his case, Plaintiff instead maintained that he had unsettled claims and that he intended to continue prosecuting his suit.  (ECF No. 347 at 2-3.)  Plaintiff's filings in this matter recognize that the Court dismissed his claims for mootness and not pursuant to a settlement agreement.  (ECF No. 358 at 3.)  The Undersigned finds, therefore, that the record reveals no evidence of the necessary elements of consideration and mutuality of obligation.

Taken as a whole, Plaintiff's allegations are conclusory and threadbare.  The claim that Defendant, after three years of litigation, entered a settlement agreement by allowing Defendant to retain two pieces of literature, without more, is implausible on its face.  Plaintiff has provided no evidence tending to make his claim more plausible.  The correct, and legally dispositive, interpretation of Defendant's actions is that implied by the District Court's Order dismissing Plaintiff's case.  Defendant, by her unilateral action, rendered Plaintiff's claims moot.  (ECF No.

---

[1] Plaintiff argues that Defendant's removal of "Was Adolf Hitler a Bible Christian?" and "Christian Principles of National Socialism" violated the parties' settlement agreement.  The titles at issue in this case, however, are "Positive Christianity in the Third Reich" and "Christian Separatist Church—Charter for Prison Chapters and Prisoner Participation."  (ECF No. 347 at 2.)

347 at 2.)  Accordingly, the Undersigned finds that Plaintiff has failed to show evidence of, or even allege, the necessary elements of a settlement agreement in this matter that the Court could enforce.

## B.  No Jurisdiction to Enforce any Settlement Agreement

Even assuming, *arguendo*, that the parties entered into a settlement agreement, the Undersigned finds that the Court lacks jurisdiction to enforce it.  The District Judge's Order dismissing Plaintiff's claims did not specifically retain jurisdiction over any settlement that might have been reached by the parties.  (ECF No. 347.)  The federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes.  *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992).  As the Supreme Court has observed, the enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  *Kokkonen*, 511 U.S. at 378.  Because the Court here declined to retain jurisdiction over enforcement of any agreement when dismissing Plaintiff's case, the Undersigned finds that Plaintiff's now-dismissed suit fails as a basis for exercising subject matter jurisdiction to entertain his instant Motion.

## IV. CONCLUSION

For the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiff's Motion to Enforce Settlement be **DENIED**.  (ECF No. 354.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: December 23, 2015                                    /s/ *Elizabeth A. Preston Deavers*
                                                      ELIZABETH A. PRESTON DEAVERS
                                                      UNITED STATES MAGISTRATE JUDGE